OPINION
{¶ 1} Defendant-appellant, Michael Johnston, appeals his conviction for domestic violence by the Hamilton Municipal Court. We affirm the conviction.
 {¶ 2} Appellant was charged with misdemeanor domestic violence under R.C. 2919.25, after a September 2002 incident involving Barbara Smith ("Smith"). Smith, appellant, and their two children had spent some time at a Hamilton establishment where Smith and appellant consumed alcoholic beverages.
 {¶ 3} Smith testified that appellant was driving a van and she was sitting in the passenger seat when appellant began striking Smith about the head and face. Smith testified that appellant then drove to his friend's house and left the van. Smith said she drove the van to her parent's house and called the police. The responding police officer testified about the injuries the officer observed on Smith's head, face and arm.
 {¶ 4} Appellant was charged with domestic violence, convicted after a trial to the bench, and sentenced accordingly. Appellant raises two assignments of error on appeal.
 Assignment of Error No. 1 {¶ 5} "The verdict of the trial court was not supported by sufficient evidence."
 {¶ 6} Appellant argues that the state failed to prove an essential element of the crime of domestic violence in that no evidence was presented that Smith was a family or household member.
 {¶ 7} R.C. 2919.25 states, in pertinent part, that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member. * * *" Family or household member is defined later in R.C. 2919.25(E)(1)(a) as "Any of the following who is residing or has resided with the offender:
 {¶ 8} "(i) A spouse, a person living as a spouse, or a former spouse of the offender;
 {¶ 9} "(ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 {¶ 10} "(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.
 {¶ 11} "(b) The natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent."
 {¶ 12} In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 13} Smith began her testimony in the state's case-in-chief by identifying appellant as the father of her twins. Smith as the other natural parent of appellant's two children, was a "family or household member" as defined by R.C. 2919.25(E)(1)(b). Statev. Stringfield (1998), 124 Ohio App.3d 665. In addition, there was evidence to establish the other essential elements of the crime when Smith testified that appellant struck her multiple times, causing physical harm, and the police officer testified about observing visible injuries.
 {¶ 14} After reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime of domestic violence beyond a reasonable doubt. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2 {¶ 15} "Defendant-Appellant was denied the right to effective assistance of counsel as guaranteed by the sixth amendment to the United States constitution resulting in prejudice."
 {¶ 16} Appellant's ineffective assistance of counsel claim is based upon his argument that trial counsel was ineffective for failing to move for acquittal after the state had failed to establish that Smith was a household or family member.
 {¶ 17} To prevail on a claim of ineffective assistance of counsel, appellant must show both deficient performance by trial counsel and resulting prejudice. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052.
 {¶ 18} Based upon our finding regarding Smith's status as a family or household member, appellant's argument has no merit. Appellant failed to show either that his counsel was deficient or that he was prejudiced by the failure to move for acquittal. Appellant's second assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.